# EXHIBIT 3



OCT 1 8 2013

MICHAEL K. JEANES, CLERK
K. CASOOSE
DEPUTY CLERK

LAW OFFICES
PHELPS LAW GROUP
PROFESSIONAL LIMITED LIABILITY COMPANY
4045 EAST UNION HILLS ROAD
SUITE A-104
PHOENIX, ARIZONA 85050
(602) 788-2089
Jon L. Phelps (027152)
jon@phelpslawgroupaz.com
Erica M. Fedon (030300)
erica@rplawaz.com
Attorneys for Plaintiff Seth Haller

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| Seth Haller, a married man, | NO. CV2013-051012 |
|---|---|
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| Vs. | (<u>Not</u> subject to Compulsory Arbitration) |
| Advanced Industrial Computer, Inc., | |
| Defendants. | |

The undersigned certifies that Plaintiff in this action seeks injunctive relief as well as monetary damages which are expected to exceed $50,000.00. Therefore, pursuant to Arizona Rule of Civil Procedure 72(b) and Maricopa County Superior Court Local Rule 3.10(a), this case is <u>not</u> subject to compulsory arbitration.

RESPECTFULLY SUBMITTED this 18th day of October, 2013.

PHELPS LAW GROUP, PLC

By _____
Jon L. Phelps
Erica M. Fedon
4045 East Union Hills Drive
Suite A-104
Phoenix, Arizona 85050
Counsel for Plaintiff Seth Haller

Y:\EMF\Employment Discrimination Clients\Haller\Pleadings\Certificate of Compulsory Arbitration.doc

```
LAW OFFICES
PHELPS LAW GROUP
PROFESSIONAL LIMITED LIABILITY COMPANY
4045 EAST UNION HILLS ROAD
SUITE A-104
PHOENIX, ARIZONA 85050
(602) 788-2689
Jon L. Phelps (027152)
jon@phelpslawgroupaz.com
Erica M. Fedon (030300)
erica@rplawaz.com
Attorneys for Plaintiff Seth Haller
```

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Seth Haller, a married man,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Advanced Industrial Computer, Inc.,<br><br>　　　　Defendants. | NO. CV2013-051042<br><br>**SUMMONS**<br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at<br><br>602-257-4434<br>or<br>www.lawyerfindersaz.org<br><br>Sponsored by the<br>Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

ADVANCED INDUSTRIAL COMPUTER, INC.

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. R.C.P. 4; ARS §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. R.C.P. 10(d); ARS § 12-311; R.C.P. 5.

The name and address of Plaintiffs' attorney is:

Jon L. Phelps
Erica M. Fedon
PHELPS LAW GROUP, P.L.C.
4045 East Union Hills Drive
Suite A-104
Phoenix, Arizona 85050
(602) 788-2089

Any party or person interested in receiving a copy of the Complaint should contact Plaintiffs' counsel at the address stated above.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this date: _____



OCT 1 8 2013

By: _____ Deputy Court Clerk

MICHAEL K. JEANES, CLERK
K. CASCOBE
DEPUTY CLERK

Y:\EMP\Employment Discrimination Clients\Haller\Pleadings\Summons.doc

2.





OCT 18 2013

MICHAEL K. JEANES, CLERK
K. CASOOSE
DEPUTY CLERK

LAW OFFICES
PHELPS LAW GROUP
PROFESSIONAL LIMITED LIABILITY COMPANY
4045 EAST UNION HILLS ROAD
SUITE A-104
PHOENIX, ARIZONA 85050
(602) 788-2089

Jon L. Phelps (027152)
jon@phelpslawgroupaz.com
Erica M. Fedon (030300)
erica@rplawaz.com
Attorneys for Plaintiff Seth Haller

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| Seth Haller, a married man, | NO. CV2013-053913 |
|---|---|
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| Advanced Industrial Computer, Inc., | |
| Defendants. | |

Plaintiff Seth Haller ("Plaintiff"), by and through undersigned counsel, for his Complaint alleges as follows:

## INTRODUCTION

This is an action brought pursuant to the Arizona Civil Rights Act and Title VII of the Civil Rights Act of 1964 to correct an unlawful employment practice, provide appropriate relief to an aggrieved person, and vindicate the public interest. Specifically, Seth Haller (hereinafter "Mr. Haller") brings this action to redress the injury inflicted upon him by his former employer, Advanced Industrial Computer, Inc. (hereinafter "AIC") which occurred as a result of racial discrimination in violation of the Arizona Civil Rights Act, A.R.S. § 41-1463(B) and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to A.R.S. § 41-1481(D) and 42 U.S.C.A. § 2000e-5(f).

2. Venue is proper in Maricopa County pursuant to A.R.S. § 12-401.

## PARTIES

3. At all relevant times, Mr. Haller was a resident of Maricopa County.

4. At all relevant times, Defendant AIC was a California corporation doing business in Arizona.

5. At all times relevant, Mr. Haller was employed by Defendant within the meaning of A.R.S. § 41-1461 *et seq.* and 42 U.S.C.A. § 2000e *et seq.*

## GENERAL ALLEGATIONS

6. On January 23, 2008 Mr. Haller, a white man, began working for Defendant as the Director of Business Development in the Platform Solutions Group outside of his home in Arizona.

7. Mr. Haller provided services as the Director of Business Development in the AIC Platform Solutions Group.

8. Mr. Haller's job did not require him to be able to speak any language other than English.

9. Upon being hired, Mr. Haller purchased 45,000 shares of AIC stock as an investment and received 30,000 additional bonus shares as part of his hiring package.

10. On March 7, 2008, Mr. Haller signed a Stock Plan Agreement (the "Agreement") for 30,000 bonus shares of AIC stock.

11. The Agreement provided that Mr. Haller was entitled to keep the 30,000 bonus shares of AIC stock provided that his group contributed at least $5 in Taiwanese Dollars in earnings per share in AIC stock in 2010.

12. Mr. Haller's group contributed at least $5 in Taiwanese Dollars in earnings

per share of AIC stock in 2010.

13. AIC understood that as part of Mr. Haller's hiring package, Mr. Haller would be compensated in part with the 30,000 additional bonus shares.

14. During Mr. Haller's tenure at AIC, Mr. Haller received an additional 5,000 bonus shares of AIC stock.

15. Mr. Haller never signed an agreement for the additional 5,000 bonus shares of AIC stock.

16. In 2010, Mark Chen, a Business Manager at AIC and of Asian descent, began referring to Mr. Haller as the "head gweilo" which is a Mandarin ethnic slur meaning "ghost man."

17. In 2011, Flora Huang, a Business Manager at AIC and of Asian descent, also began referring to Mr. Haller as the "head gweilo."

18. On or about September 18, 2012, Mark Yang, Director of Sales at AIC and of Asian descent, referred to Mr. Haller as "the head gweilo" during a conversation.

19. Feeling that being called the "head gweilo" was derogatory, Mr. Haller complained to his direct supervisor, Sherman Tang, about the incident with Mr. Yang.

20. Mr. Haller never saw any corrective action take place resulting from his complaint with Mr. Tang.

21. On October 2, 2013, Michael Liang, AIC President and of Asian descent, directed Mr. Tang to terminate Mr. Haller because Mr. Liang could not communicate with Mr. Haller due to Mr. Liang's poor English skills.

22. On October 22, 2013, Mr. Haller learned that Defendant was in the process of hiring an Asian employee to take over Mr. Haller's former clients.

23. Mr. Haller received a "Notice of Involuntary Resignation" and the reason cited by AIC for Mr. Haller's termination was "discharge."

24. Mr. Haller's last day with AIC was on October 31, 2012.

3

25. After being terminated, Mr. Haller received his investment of 45,000 in AIC shares back, but never received the 30,000 bonus shares or the 5,000 additional bonus shares back.

26. This action arises out of contract, namely the AIC stock agreement between Plaintiff and Defendant; therefore, Plaintiff requests an award of his reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

## COUNT I

**(Discrimination Based on Race in Violation of the Arizona Civil Rights Act, A.R.S. § 41-1463 *et seq.*)**

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Arizona Revised Statutes Section 41-1463(B) prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of race.

29. Defendant engaged in conduct, through its employees and agents, toward Mr. Haller because of his race, which was sufficiently severe or pervasive enough to alter the terms and conditions of his employment.

30. Defendant is liable for the acts of its employees or agents through the doctrine of *respondeat superior*.

31. As a result of Defendant's discrimination Mr. Haller suffered back pay, for which he should be compensated at trial pursuant to Arizona Revised Statutes Section 41-1481(G).

32. As a result of Defendant's discrimination, Mr. Haller suffered pain and suffering in an amount to be calculated at trial.

## COUNT II

### (Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*)

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Title 42 of the United States Code Annotated Section 2000e-2 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of race.

35. Defendant engaged in conduct, through its employees and agents, toward Mr. Haller because of his race, which was sufficiently severe or pervasive enough to alter the terms and conditions of his employment.

36. Defendant is liable for the acts of its employees or agents through the doctrine of *respondeat superior*.

37. As a result of Defendant's discrimination Mr. Haller suffered back pay, for which he should be compensated at trial pursuant to Title 42 of the United States Code Annotated Section 2000e-5(g).

38. As a result of Defendant's discrimination, Mr. Haller suffered pain and suffering in an amount to be calculated at trial.

## COUNT III

### (Breach of Contract)

39. Plaintiff incorporates the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Defendant's failure to return the 35,000 shares to Mr. Haller constitutes a breach of contract, entitling Plaintiff to an award of damages in an amount to be determined at trial, but in no event less than $4.59/share, the approximate value of AIC stock as of the date of this filing, for a total of $160,650.00.

## COUNT IV

### (Unjust Enrichment/Quantum Meruit)

41. Plaintiff incorporates the allegations set forth in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Mr. Haller provided services to AIC as the Director of Business Development in the Platform Solutions Group.

43. AIC understood that the 35,000 bonus shares were part of Mr. Haller's compensation as the Director of Business Development in the Platform Solutions Group.

44. AIC was unjustly enriched by receiving Mr. Haller's services as the Director of Business Development in the Platform Solutions Group.

45. It would be unfair for AIC to receive the benefit of his services as the Director of Business Development in the Platform Solutions Group without fully compensating Mr. Haller with the 35,000 bonus shares.

## COUNT V

### (Breach of the Covenant of Good Faith and Fair Dealing)

46. Plaintiff incorporates the allegations set forth in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. AIC's failure to return the 35,000 shares to Mr. Haller for the services he performed as the Director of Business Development in the Platform Solutions Group has deprived Mr. Haller of the benefit he bargained for when he entered into both the Agreement for the 30,000 bonus shares as well as the acceptance of the additional 5,000 bonus shares.

48. AIC's actions constitute a breach of the covenant of good faith and fair dealing, thereby entitling Mr. Haller to an award of damages in an amount to be determined at trial.

6

## COUNT VI

(Defendant's Failure to Pay Wages Due to Mr. Haller in Violation of Arizona Revised Statutes Section 23-355, Entitling Mr. Haller to Treble Damages)

49. Plaintiff incorporates the allegations set forth in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Defendant's failure to return the 35,000 shares due to Mr. Haller constitutes failure to pay wages due to Mr. Haller in violation of Arizona Revised Statutes Section 23-355.

51. Mr. Haller is entitled to treble damages in unpaid wages because of Defendant's failure to return the 35,000 shares owed to Mr. Haller.

## RELIEF SOUGHT

WHEREFORE, Mr. Haller requests that this Court:

A. Enter judgment on behalf of Mr. Haller, finding that Defendant AIC discriminated against Mr. Haller in violation of the Arizona Revised Statutes Section 41-1463(B);

B. Enter judgment on behalf of Mr. Haller, finding that Defendant AIC discriminated against Mr. Haller in violation of Title 42 of the United States Code Annotated Section 2000e-2;

C. Enjoin the Defendant, their successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any unlawful employment practice, including retaliation that violates Arizona Revised Statutes Section 41-1463 *et seq*;

D. Enjoin the Defendant, their successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any unlawful employment practice, including retaliation that violates Title 42 of the United States Code Annotated Section 2000e *et seq*;

E. Order Defendant to make Mr. Haller whole and award Mr. Haller back wages, and front pay calculated from the date of his wrongful termination on October 31, 2012;

F. Order Defendant to pay Mr. Haller damages for pain and suffering in an amount to be determined at trial;

G. Order Defendant to pay Mr. Haller 35,000 of bonus shares calculated according to current market value;

H. Order an additional 70,000 of bonus shares for treble damages;

I. Order an award of costs and reasonable attorneys' fees pursuant to Arizona Revised Statutes Section 12-341.01;

J. For such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 18th day of October, 2013.

PHELPS LAW GROUP, PLC

By _____
Jon L. Phelps
Erica M. Fedon
4045 East Union Hills Road
Suite A-104
Phoenix, AZ 85050
Attorneys for Plaintiff Seth Haller

Y:\MP\employment Discrimination Clients\Haller\Complaint.doc

8

# VERIFICATION

I, Seth Haller, am the Plaintiff in this action. I declare, certify, and verify under penalty of perjury, as outlined in Rule 80(i) of the Arizona Rules of Civil Procedure, that the foregoing Verified Complaint is true and correct, except for those items that have been alleged upon information and belief, which I am informed and believe to be true.

EXECUTED this 18 day of October, 2013.

_/s/ Seth Haller_
Seth Haller

8

COPY

Superior Court of Arizona
In Maricopa County

Case Number _____

CIVIL COVER SHEET - NEW FILING ONLY
(Please Type or Print)

OCT 18 2013

MICHAEL K. JEANES, CLERK
K. CASOOSE
DEPUTY CLERK

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language: _____

Plaintiff's Attorney:
Jon L. Phelps/ Erica M. Fedon

Attorney's Bar Number: 027152/030300

To the best of my knowledge, all information is true and correct

_E. M. Fedon_
Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Name(s): (List all)
Seth Haller

Plaintiff's Address:
4045 E. Union Hills Dr., A-104, Phoenix, AZ 85050

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List all.)
Advanced Industrial Computer, Inc.

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)
☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction
☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties (Mark appropriate box on page two as to complexity, In addition to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the one case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D  ☐ 123 Hospital
☐ 122 Physician D.O  ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds – Sale
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S §36-3704) (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
- ☐ 194-Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

Case No. _____
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☒ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other

_____
(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

Additional Defendant(s)

_____