**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Haller, et al., | No. CV-13-02398-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Advanced Industrial Computer Incorporated, | |
| Defendant. | |

Defendant Advanced Industrial Computer, Inc. ("AIC") has moved for judgment on the pleadings for claims three through six. Doc. 13. The motion has been fully briefed. For the reasons listed below, the Court will grant Defendant's motion with leave for Plaintiffs Seth and Laura Haller to file an amended complaint.[1]

**I.   Background.**

Defendant AIC is a California corporation that provides computer servers and peripheral storage devices. Doc. 8 ¶ 5; Doc. 13 at 1. Plaintiffs are Seth Haller and his wife, Laura Haller. Doc. 8 ¶¶ 3-4. Mr. Haller was employed by AIC as the Director of Business Development from January 23, 2008, to October 31, 2012. *Id.* ¶ 7-8, 25. The relevant facts alleged by Mr. Haller (Doc. 8) are as follows.

Upon being hired, Mr. Haller purchased 45,000 shares of AIC stock as an investment. *Id.* ¶ 10. He signed a Stock Plan Agreement ("Agreement") for 30,000

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.1998).

bonus shares of AIC stock on March 7, 2008. *Id.* ¶ 10. Per the Agreement, Mr. Haller would receive the 30,000 bonus shares of AIC stock if his group contributed at least five Taiwanese dollars in earnings per share to AIC stock in 2010. *Id.* ¶ 12. Mr. Haller's group satisfied the contribution requirement. *Id.* ¶ 13. Also, Mr. Haller received an additional 5,000 bonus shares during the course of his employment, but he never signed an agreement for those shares. *Id.* ¶ 15-16. Mr. Haller's employment with AIC ended after he was given a notice of involuntary resignation; his last day of employment was October 31, 2012. *Id.* ¶¶ 24-25. Mr. Haller received his investment of 45,000 AIC shares upon termination, but never received the 35,000 bonus shares. *Id.* ¶ 26.

On October 18, 2013, Plaintiffs filed suit in the state of Arizona. Doc. 1-1. Defendant removed this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Doc. 1. Plaintiffs' first amended complaint alleges six counts: (1) violation of the Arizona Civil Rights Act; (2) violation of Title VII of the Civil Rights Act of 1964; (3) breach of contract; (4) unjust enrichment; (5) breach of the covenant of good faith and fair dealing; and (6) damages pursuant to A.R.S. § 23-355. Doc. 8 at 4-7. Defendant has filed a motion for partial judgment on the pleadings for claims three to six. Doc. 13.

## II. Legal Standard.

A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). Like a Rule 12(b)(6) motion to dismiss, a motion for judgment on the pleadings "is directed at the legal sufficiency of the opposing party's pleadings." *Ansel Commc'ns, Inc. v. Novell, Inc.*, No. C9721088-RMWENE, 1999 WL 33298162, at *2 (N.D. Cal. Mar. 24, 1999); *see also Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that motions filed pursuant to Rules 12(b) and 12(c) are "functionally identical" but for the time of filing).

"Federal courts generally hesitate to grant judgment on the pleadings, because 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense.'" *Carrasco v. Fiore Enters.*, 985 F.Supp. 931, 934 (D. Ariz. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* Civil 2d § 1368 (1990)).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment. Fed. R. Civ. P. 12(c). If the Court treats the motion as having been brought under Rule 56, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id.* The Court may, however, take "judicial notice of undisputed matters of public record, including documents on file in federal or state courts," without converting the motion. *Harris v. Cnty. of Orange*, 682 F.3d 1126, (9th Cir. 2012); *see also, Five Points Hotel P'Ship v. Pinsonneault,* 835 F.Supp.2d 753, 757 (D. Ariz. 2011) (citing *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)). "[M]aterial which is properly submitted as part of [a pleading] may be considered," *Hal Roach Studios, Inc.v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and "a document is not 'outside' the [pleading] if the [pleading] specifically refers to the document and its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002)).

**III.   Analysis.**

Defendant argues that Plaintiffs' claims of breach of contract, unjust enrichment, and liability under A.R.S. § 23-355 fail because AIC was a non-party to the Agreement creating the obligation. Docs. 8, 13. Additionally, Defendant asserts that it cannot be held liable for breach of the covenant of good faith and fair dealing because Plaintiffs cannot allege any facts to show that AIC did anything to prevent Mr. Haller from receiving the benefits of the Agreement. Doc. 13 at 9. The Court will address each argument below.

Plaintiffs' response brief includes facts not included in the complaint. Doc. 18 at

2. Plaintiffs have not filed a motion to amend their complaint, but instead suggest in their response brief that they may file such a motion. Doc. 18 at 8 n. 6. In its reply brief, Defendant asks that the Court disregard all factual allegations not set forth in the first amended complaint. Doc. 23 at 2. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its complaint with an opposing party's written consent or with the court's leave. Local Rule of Civil Procedure 15.1 provides that a party seeking leave to amend must attach a copy of the proposed complaint to the motion. Here, Plaintiffs have not properly sought leave to amend because they have not filed a motion for leave to amend attaching a copy of the proposed amended pleading. *See* LRCiv. 15.1. The Court, however, has discretion to grant a motion for judgment on the pleadings with leave to amend. *See Cohen v. Gensbro Hotel Co.*, 259 F.2d 78, 83 (9th Cir. 1958); *Kanelos v. Cnty. of Maricopa*, Nos. CV-10-8099-PCT-GMS, CV-10-8149-PCT-GMS, 2011 WL 587203, at *6-7 (D. Ariz. Feb. 9, 2011). The Court will not consider any factual allegations in Plaintiffs' response that are not included in the first amended complaint, but the Court will grant Plaintiffs leave to amend the complaint.

### A.    Count Three: Breach of Contract.

The first amended complaint refers repeatedly to the Agreement (Doc. 8), and the Agreement's authenticity is not questioned by either party. The Court may therefore consider the Agreement in ruling on this motion. *Branch*, 14 F.3d at 453. Defendant attaches a copy to its motion. Doc. 13.

"For a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship." *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev. 2008). It therefore "is axiomatic that non-parties cannot be held liable for breach of contract[.]" *Herbal Care Sys., Inc. v. Plaza*, No. CV-06-2698-PHX-ROS, 2009 WL 692338, at *2 (D. Ariz. Mar. 17, 2009); *see Kelly v. Tillotson Pearson, Inc.,* 840 F.Supp. 935, 944 (D.R.I. 1994) ("an action for breach of contract will not lie against non-parties to the contract").

The Agreement is between T-Win and Mr. Haller. Because Defendant AIC is not a party to the Agreement, it argues that it cannot be liable for breach of the Agreement.

Doc. 13 at 4-5. Plaintiffs do not dispute that Defendant is not a party, but argue that AIC is bound by the Agreement as an alter ego of T-Win or through piercing the corporate veil. Doc. 18 at 6. The first amended complaint, however, makes no mention of T-Win and does not allege that AIC is T-Win's alter ego. Doc. 8. Because the Court can consider the contents of the Agreement in ruling on this motion, the Agreement does not include Defendant AIC, and the complaint alleges no other facts under which Defendant AIC could be bound as an alter ego, Plaintiff's alter ego argument is not persuasive.

The same is true of piercing the corporate veil. Such an action "typically requires a fact-specific inquiry into the conduct of the particular subsidiary and the parent. Specific factors such as a failure to observe corporate formalities, comingling of corporate assets and management, and the perpetuation of a fraud on those who rely on the subsidiary's corporate form typically are required." *CLN Properties, Inc. v. Republic Servs., Inc.*, CV-09-1428-PHX-DGC, 2010 WL 5146734, at *8 (D. Ariz. Dec. 13, 2010). Plaintiffs' complaint does not allege that Defendant has a corporate relationship with T-Win, and makes no suggestion that any corporate veil can be pierced. *See* Doc. 8.

Plaintiffs further contend that AIC is bound by the Agreement because T-Win acted as AIC's agent when signing the Agreement. Doc. 18 at 8-9. "In its most elemental terms, an agent is one who acts on behalf of another." *See Ariz. Med. Ctr. v. Ariz. Health Care Cost Containment Sys. Admin.*, 935 P.2d 854, 860 (Ariz. Ct. App. 1996) (internal quotation marks and citation omitted). "[A] person is not an agent for another unless the first person has the right to control the transaction and to have it done for his benefit." *Brown v. Ariz. Dep't of Real Estate*, 890 P.2d 615, 621 (Ariz. Ct. App. 1995). Because Plaintiffs' complaint makes no reference to T-Win or AIC's relationship to T-Win (Doc. 8), the Court finds this agency argument unpersuasive as well.

In summary, Defendant AIC is not a party to the Agreement and Plaintiffs' complaint alleges no basis upon which it could be held liable for the Agreement's breach. The Court will therefore grant Defendant's motion with respect to Count Three.

**B.     Count Four: Unjust Enrichment.**

"Unjust enrichment occurs when one party has and retains money or benefits that

in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz., NA,* 48 P.3d 485, 491 (Ariz. Ct. App. 2002). To establish a claim for unjust enrichment, the plaintiff must allege an impoverishment on his part, an enrichment to the defendant, a connection between the two, the absence of justification, and the absence of a legal remedy. *See id.*

Defendant argues that Plaintiffs' claim for unjust enrichment must fail because there is no absence of justification. Doc. 13 at 6. Defendant relies on *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 283 P.3d 45, 50 (Ariz. Ct. App. 2012), for the proposition that a third party cannot be held liable for an unjust enrichment claim if it has not engaged in improper conduct. *Id.* Because it was not a party to the Agreement that allegedly called for Mr. Haller to receive the bonus shares, Defendant argues that it did nothing improper by failing to provide the shares.

Plaintiffs argue that Defendant AIC was enriched by Haller's employment and the contribution of at least five dollars per share through his business acumen, and that Defendant AIC acted improperly when it failed to provide the shares. Arizona follows the Restatement of Restitution which provides that "[a] person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person." *See Advance Leasing & Crane Co., Inc. v. Del E. Webb Corp.*, 573 P.2d 525, 526-27 (Ariz. Ct. App. 1977). Under this authority, Plaintiffs are not entitled to an unjust enrichment recovery from Defendant merely because Mr. Haller conferred some benefit on Defendant through performance of his agreement with T-Win, and T-Win then failed to honor the Agreement. The Court finds that the claim for unjust enrichment fails.

**C.   Count Six: Damages Pursuant to A.R.S. § 23-355.**

Plaintiffs seek treble damages pursuant to A.R.S. § 23-355. Defendant contends that it does not meet the statutory definition of employer under the statute. Doc. 13 at 6-7. Plaintiffs acknowledge that they have not alleged any facts supporting the assertion that AIC was Mr. Haller's employer. Because Plaintiffs have not alleged that Defendant was Mr. Haller's employer, Defendant cannot be held liable under A.R.S. § 23-355.

### D. Count Five: Breach of Covenant of Good Faith and Fair Dealing.

Plaintiffs allege that Defendant's failure to provide the bonus shares to Mr. Haller constitutes a breach of the covenant of good faith and fair dealing. Doc. 8 at 6. Defendant argues that Plaintiffs have not alleged any facts to show that it did anything to prevent Mr. Haller from receiving the benefits of the Agreement. Doc. 13 at 9; *see Wells Fargo Bank v. Arizona Laborers*, 38 P. 3d 12, 28 (Ariz. 2002). Because Defendant was not a party to the Agreement, Plaintiffs have alleged no facts under which it would be obligated to provide the shares to Mr. Haller, or under which its failure to provide the shares would constitute a violation of the covenant of good faith and fair dealing.

### IV. Leave to Amend.

The Court has discretion to grant a motion for judgment on the pleadings with leave to amend. *See Cohen v. Gensbro Hotel Co.*, 259 F.2d 78, 83 (9th Cir. 1958); *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (stating that courts have discretion to both grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment). Given the possibility that Plaintiffs can assert facts to support their claims, the Court will exercise its discretion and grant the Motion for Partial Judgment on the Pleadings with leave for Plaintiffs to file an amended complaint.

**IT IS ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (Doc. 13) is **granted**. Plaintiffs shall file an amended complaint on or before April 28, 2014.

Dated this 7th day of April, 2014.

_____
David G. Campbell
United States District Judge

- 7 -